In the Matter of the Application of FLORENCE GALLAGHER.

City Court of the City of New York, Special Term, Kings County, November 30, 1948.

*Francis L. Giordano* for petitioners.

*Alfred Lucia* for respondent.

BENJAMIN, J. Application is made by the petitioner on behalf of herself and her infant daughter for leave to change their name to the mother's maiden name.

Notice of the application having been given to the father, a sergeant in the United States Army, he has appeared in opposition to the application and a hearing has been held, pursuant to the direction of the court, to determine the best interest of the child.

It would serve no useful purpose to incorporate in the record of this proceeding the unfortunate history of paternal misconduct which has made this two and one-half-year-old infant a tragic figure in the resulting discord. The father's misconduct has been despicable. It culminated in a divorce and a remarriage on his part. It is significant of the callousness of character of this parent that he has given to a child of the second marriage the same name as that borne by this infant, thereby adding confusion and insult to an already untenable relationship.

It is obvious from the evidence adduced on the hearing that this father has no real interest in this child and sought only to use this proceeding as an instrumentality to reduce the nominal payments made for the support and maintenance of the mistreated wife and child.

In seeking to have this child assume her maiden name, this mother is acting in what the court believes to be the best interests of the child. It will serve to dispel the uncertainty, insecurity and confusion which now surrounds the situation, and minimize as much as possible the embarrassment springing from the discrepancy and duplication of names, which otherwise would exist.

The complete failure of the father to make any recent attempt to see this child, the pressure necessary to compel payment of nominal sums for the maintenance and support of the wife and child, the implied abandonment of this baby by giving to a child of a second marriage the same name as that borne by this child, all point conclusively to the bad faith of this opposition which, in the opinion of the court, is rooted merely in a desire to effect a downward revision of the totally inadequate sums now being advanced by the father.

The application is, accordingly, granted as prayed for.

(The stenographic record of the hearing shall be deemed part of the application.)